## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**DANIEL LEE JORDAN,**

      **Petitioner,**

**v.**                            **Case No. 2:13-cv-06864**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On April 2, 2013, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), filed by Daniel Lee Jordan (hereinafter "the petitioner"). Also pending before the court is the respondent's Motion to Stay Proceedings Pending Disposition of Petitioner's State Court Proceedings Pending in the West Virginia Supreme Court of Appeals (ECF No. 6.)

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY OF PETITIONER'S CASE

On July 13, 2010, following a jury trial in the Circuit Court of Kanawha County, the petitioner was found guilty of one count of First Degree Sexual Abuse and one count of Sexual Abuse by a Person of Trust. (ECF No. 1 at 1.) On August 13, 2010, the petitioner was sentenced to 15-45 years in prison. *Id.* The petitioner's judgment was

affirmed by the Supreme Court of Appeals of West Virginia (the "SCAWV") on June 24, 2011. (*State v. Jordan*, Case No. 101633). (*Id.* at 2.) According to the petition, the petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on March 6, 2012 (Case No. 12-MISC-143), which was denied on March 5, 2013. (*Id.* at 3.) The petitioner did not include a copy of the Circuit Court petition, despite indicating that a copy would be attached to his section 2254 petition. (*Id.* at 3, ¶ 11(a)(5).) The petition filed the instant section 224 petition on April 2, 2013.[1]

On April 22, 2013, the undersigned directed that the petition be served on the respondent and a response was ordered by June 7, 2013. (ECF No. 5.) On June 6, 2013, the respondent has filed a Motion to Stay Proceedings (ECF No. 6.), indicating that the petitioner has an appeal of the denial of his state habeas corpus petition pending before the SCAWV.

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Although no dates were specified in the section 2254 petition, the petitioner did indicate that he had appealed the judgment of the Circuit Court of Kanawha County denying his habeas corpus petition. (*Id.* at 12.)

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed.  *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating

such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV.  *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

The petitioner's section 2254 petition contains only one claim.  That is, that, at trial, the court improperly admitted a video-taped interview of the alleged victim by a social worker, which was conducted for investigatory purposes, in lieu of the live testimony of the alleged victim, who was unavailable.  The petitioner asserts that the admission of this pre-recorded interview, without the opportunity to cross-examine the alleged victim, violated his rights under the Confrontation Clause of the Sixth Amendment.  (ECF No. 1 at 5.)

The petitioner unsuccessfully raised this claim in his direct appeal.  (ECF No. 1, Attachments 1-3.)  Accordingly, it is exhausted.  However, the petitioner has a pending appeal in the SCAWV of the March 5, 2013 Order denying his habeas corpus petition filed in the Circuit Court of Kanawha County.  According to the petitioner's section 2254 petition (i*d.* at 3, 12.), and the Kanawha County Circuit Court's Final Order Denying

Amended Habeas Corpus Petition, which is attached to the respondent's motion (ECF No. 6-1 at 10-23.), the state habeas corpus petition and the appeal therefrom appear to have raised claims of ineffective assistance of counsel and a disproportionate sentence, which presently appear to be unexhausted.  According to the SCAWV's Scheduling Order, which is also attached to the respondent's motion (*id.* at 1-2.), briefing of the petitioner's appeal should be concluded by mid-September of 2013.

As noted in 28 U.S.C. §§ 2244(b)(2) and (3), a petitioner may only file one section 2254 petition concerning a particular conviction and sentence, and any claims raised in a second or successive petition, absent one of the enumerated exceptions, and authorization by the appellate court to file a second or successive petition, must be dismissed.  28 U.S.C. §§ 2244(b)(2) and (3).  Therefore, to the extent that the petitioner may wish to raise, before this court, the claims raised in his habeas corpus appeal, he must do so in one timely section 2254 petition, after his state court remedies concerning those claims are fully exhausted.

On June 6, 2013, the respondent filed a Motion to Stay Proceedings Pending Disposition of Petitioner's State Court Proceedings Pending in the Supreme Court of Appeals (ECF No. 6.)  The respondent's motion states in pertinent part:

> In light of the deadlines set forth in the [SCAWV's] scheduling order, it is unlikely that the court will issue a determination on the substance of the petitioner's claims within the immediate future sufficient to allow the respondent to respond pursuant to the Magistrate [Judge's] order.  Moreover, until the petitioner's pending state proceedings challenging his conviction are resolved, a determination on whether the petitioner's claims are ripe for review in federal court will be greatly hampered.  The relevant record in this case is still being developed and as of this time is incomplete sufficient [sic; insufficient?] to allow for this court to arrive at fully informed determination on the issues relevant in § 2254 proceedings.

> Moreover, the [SCAWV] must be allowed to evaluate the petitioner's conviction fully for constitutional error before the federal courts may grant relief, however, unlikely.  * * * Because the record in this case is not fully developed sufficient to render it ripe for a determination on the issues relevant to exhaustion, of state court remedies, and because there is a possibility that the [SCAWV] may choose to grant relief, the respondent moves this Court to stay the present proceedings pending resolution of the petitioner's pending proceedings in state court.

(*Id.* at 2.)  Thus, the respondent does no object to a brief stay of these proceedings to allow the petitioner to exhaust his state court remedies.

The United State Supreme Court most recently addressed the issue of staying section 2254 proceedings in *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005).  The Court granted certiorari to resolve a circuit split, and held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court, but only in limited circumstances.  The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*

As noted above, the petitioner exhausted his Confrontation Clause claim in his direct appeal.  However, claims of ineffective assistance of counsel are normally addressed through collateral proceedings.  Thus, it is unlikely that the SCAWV would have addressed the merits of the claims the petitioner has raised in his current state habeas proceedings in the petitioner's direct appeal.  The undersigned believes that the petitioner has made a good faith effort to pursue post-conviction remedies, and that such effort should serve as sufficient cause to warrant a stay and abeyance of the petitioner's section 2254 petition, pending his proper exhaustion of his state habeas appeal.  Thus, although this case does not, *per se*, involve a mixed petition, as did

*Rhines*, the undersigned believes that staying the present petition is in the interest of justice and warranted under the circumstances.

Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005), that there is good cause for the petitioner's failure to exhaust his claims in the state courts, and that the circumstances warrant a stay of these proceedings. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Stay Proceedings Pending Disposition of Petitioner's State Court Proceedings Pending in the West Virginia Supreme Court of Appeals (ECF No. 6) and **HOLD IN ABEYANCE** the petitioner's section 2254 petition, pending the petitioner's exhaustion of the available State court remedies. It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent within 30 days of the resolution of his state habeas appeal of whether he intends to proceed with this matter, and to file an amended section 2254 petition if he seek to include any other exhausted grounds for relief.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying

the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

_____August 5, 2013_____
          Date

Dwane L. Tinsley
United States Magistrate Judge

8